Leslie A. **GRIFFIN**, Appellant,

v.

**CONSOLIDATED FOODS CORPORATION, t/a Hanes DSD and L'Eggs, Appellees.**

No. 84–1799.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 5, 1985.

Decided July 15, 1985.

Shelley Blum, Charlotte, N.C., (Deborah Blum, Chicago, Ill., on brief) for appellant.

John R. Wester, Charlotte, N.C. (Brent A. Torstrick, Robinson, Bradhsaw & Hinson, Charlotte, N.C., on brief) for appellee.

Before WIDENER and SPROUSE, Circuit Judges, and BOYLE, District Judge, United States District Court for the Eastern District of North Carolina, sitting by designation.

PER CURIAM:

Leslie Ann Griffin brought this action against her former employer, Consolidated Foods Corporation (Consolidated), alleging a violation of the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. Griffin worked as a sales representative for Consolidated from 1973 to 1981, and now seeks money allegedly owed by Consolidated as overtime compensation for work performed in excess of the statutory maximum of 40 hours per week under 29 U.S.C. § 207(a)(1). The district court granted Consolidated's motion for summary judgment, finding that Griffin's employment with Consolidated fell within the motor carrier's exemption of the FLSA, 29 U.S.C. § 213(b)(2), and thus was not subject to the overtime provisions of the Act. We affirm.

When reviewing the granting of summary judgment, we apply the same standard of decision as that employed by the district court under FRCP 56(c). *Smith v. University of North Carolina*, 632 F.2d 316, 338 (4th Cir.1980). Thus, a motion for summary judgment "should be granted only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." *Charbonnages De France v. Smith*, 597 F.2d 406, 414 (4th Cir.1979). In arriving at this determination, we must review "the record...in the light most favorable to...the party opposing the motion." *Poller v. Columbia Broadcasting Sys., Inc.*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962).

The facts presented here are not in dispute. Griffin was a route sales representative for L'Eggs panty hose, a division of Consolidated, for over eight years. Griffin seeks overtime payments for her last year of employment. During that period, Griffin serviced retail stores in Mecklenburg and Iredell Counties, North Carolina. As part of her job duties, Griffin was responsible for checking displays in various stores to see if more product was needed, ordering the product from Consolidated's branch warehouse in Winston-Salem, North Carolina, and picking it up in the Charlotte, North Carolina area and transporting the panty hose to the stores, using a van provided by the company. Griffin was also responsible for certain paperwork and maintenance of the van.

In her employment with Consolidated, Griffin was among a group of route sales representatives who serviced the area in North Carolina and South Carolina. Each representative services an assigned route, with the routes determined by store location, servicing time required and geography. Thirty percent of all routes in this area crossed state lines. Route assignments were reviewed semi-annually and adjusted on the basis of sales volume, although reassignments could take place at any time. During her tenure, Griffin had serviced retail stores in both North Carolina and South Carolina.

The panty hose which Griffin delivered were shipped to her from Consolidated's

branch warehouse in Winston-Salem. The product was manufactured in North Carolina, South Carolina and New Mexico, and then shipped to Alleo, North Carolina, where it was packaged in containers from Texas and Virginia. The packaged product was then transported to Consolidated's main warehouse in Winston-Salem, at which point it was delivered to branch warehouses across the country, including the one in Winston-Salem.

The sole question on appeal is whether Consolidated was engaged in such interstate commerce as to qualify for the motor carrier exemption of 29 U.S.C. § 213(b)(1), which provides in pertinent part: "[t]he provisions of Section 207 of this title shall not apply with respect to—(1) any employee with respect to whom the Secretary of Transportation has the power to establish qualifications of maximum hours of service pursuant to the provisions of Section 304 of Title 49...."

The relevant statutory provision is now found at 49 U.S.C. § 3102, and gives the Secretary such power over the employees of a "motor private carrier," which is defined in 49 U.S.C. 10102(15). Section 10102(15) conditions the exercise of this power by mandating that the transportation performed by the motor private carrier meet the interstate commerce test of 49 U.S.C. § 10521(a)(1) and (2), which require for relevant purposes that the transportation be on a public highway "[b]etween a place in ...[a] State and a place in another State...[or] a place in a State and another place in the same State through another State." 49 U.S.C. § 10521(a)(1)(A) &(B).

In its well-reasoned opinion, the district court, 587 F.Supp. 921, found that Griffin's employment experience at Consolidated, based on the undisputed facts, satisfied the interstate commerce test on two grounds. First, the court found Consolidated's manufacture and shipment of panty hose to its warehouses constituted the transportation of goods in interstate commerce, and that Griffin's delivery of the product was merely the final stage in the continuous movement of the product "between a place in

... a State and a place in another State." 49 U.S.C. § 10521(a)(1)(A). Second, the district court had found that 30 percent of Consolidated's delivery routes within North Carolina cross state lines, and that those routes were assigned indiscriminately among all route sales representatives on a regular basis. As a result, the court concluded that this percentage of interstate activity constituted the transportation of goods in interstate commerce sufficient to provide the Secretary with the power to regulate the maximum hours of service for all of Consolidated's drivers.

In so holding, the district court relied on *Morris v. McComb*, 332 U.S. 422, 68 S.Ct. 131, 92 L.Ed. 44 (1947), in which the Supreme Court held applicable the motor carrier exemption to all drivers and mechanics of a small common carrier, even though the interstate carrier services rendered by the company constituted less than 4% of its total carrier services. The Court in *Morris* based its decision on the fact that those interstate routes which were serviced were assigned indiscriminately among all the drivers, so that all of the carrier's drivers were eligible to receive an interstate route at some point throughout a year. *Id at 433*, 68 S.Ct. at 136.

On appeal, Griffin contends, first, that the packaging of the panty hose and distribution to branch warehouses in North Carolina served to remove the product from the stream of interstate commerce, therefore making Griffin's delivery of the panty hose intrastate commerce. Second, Griffin argues that because her route was entirely within North Carolina she was not engaged in interstate commerce.

After a review of the record, consideration of the briefs, and following oral argument, we are unable to conclude that the district court erred in granting summary judgment for Consolidated. Whatever may be the merits of Griffin's contention that the panty hose were removed from interstate commerce upon reaching North Carolina, the Supreme Court's ruling in *Morris v. McComb*, supra, controls our decision in this case. The facts before us fit squarely

into the *Morris* analysis. It is apparent from the record that, at any time, Consolidated could have indiscriminately reassigned interstate routes to Griffin or any other of the route sales representatives and in fact indiscriminately rearranged the routes each six months in its regular course of business. Even the fact that a particular representative may never have received an interstate route is unpersuasive. We have held that where all the drivers are subject to the indiscriminate distribution of interstate service routes, the principle stated in *Morris* is controlling. *Brennan v. Schwerman Trucking Co. of Virginia*, 540 F.2d 1200, 1204–1205 (4th Cir.1976).

Accordingly, the judgment of the district court is

AFFIRMED.